IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN RANDOLPH,

    **Petitioner,**

    v.                                  CASE NO. 22-3049-JWL

DONALD HUDSON, Warden,
USP-Leavenworth,

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at USP-Leavenworth in Leavenworth, Kansas. Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence, claiming that he has not been awarded his "earned and vested diminution credits." (Doc. 3, at 6 ). The Court dismisses the Petition for failure to exhaust administrative remedies.

**I. Background**

The Court examined the record and ordered a responsive pleading. On April 18, 2022, Respondent filed the Answer and Return (Doc. 4) stating that Petitioner has not exhausted his administrative remedies regarding his claims and that he was scheduled to be placed in a Residential Reentry Center ("RRC") on April 19, 2022, to enable him to complete the final component of the Residential Drug Abuse Program ("RDAP"). (Doc. 4, at 7) (citing Doc. 4–1, Declaration of Jason Wells, ¶¶ 3, 4).

On May 6, 2022, the Court entered an Order to Show Cause (Doc. 6), directing Petitioner to show good cause by May 27, 2022, why this matter should not be dismissed as moot. The Court noted that Petitioner has now been placed in an RRC to complete the final portion of the

RDAP.[1]  Although Petitioner filed his Traverse (Doc. 8) on May 18, 2022, he has not otherwise responded to the Order to Show Cause.

In his Traverse, Petitioner acknowledges that he has not exhausted his administrative remedies.  (Doc. 8, at 1.)  Petitioner argues that the administrative remedy process has taken too long and that he has been harmed by the delay.  *Id.*

## II. Discussion

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)).  The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

Petitioner acknowledges that he has not complied with the BOP's four-part administrative remedy program codified at 28 C.F.R. § 542.  The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances

---

[1] The BOP's website shows that Petitioner is now located at the Chicago RRM.  *See* https://www.bop.gov/inmateloc/ (last visited, June 2, 2022); *see also* Doc. 5, Notice of Returned Mail and Remailing (showing that Petitioner is currently housed at RRM Chicago).

addressed at the institutional, regional, and national levels. Exhaustion requires completing all levels of review. *See Woodford*, 548 U.S. at 90 (finding that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (citation omitted)). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Petitioner acknowledges that he has not fully exhausted his administrative remedies, but argues that the process was taking too long and he is past his alleged release date. *See* Doc. 8, at 1 ("I am harmed by the duration of the entire administrative process as it exceeds my true release date."). Although exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion would be futile. *Daybell v. Davis*, 366 F. App'x. 960, 962 (10th Cir. 2010) (unpublished) (citations omitted); *see Garza*, 596 F.3d at 1203 (recognizing "narrow exception to the exhaustion requirement" when "petitioner can demonstrate that exhaustion is futile").

The petitioner in *Garner* argued that the Court should waive the exhaustion requirement because the delay caused by exhaustion would deprive him of the opportunity to receive a full twelve-month placement in an RRC. *Garner v. United States*, Case No. 21-3138-JWL, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021). This Court held that:

> similar arguments regarding the timing of administrative review have been rejected. In *Salters v. Hudson*, this Court rejected petitioner's argument that exhaustion should be excused because it would take too long and cause irreparable harm. *Salters*, 2020 WL 3960427, at *3. The Court noted that a similar argument was rejected in *Gaines v. Samuels*, where petitioner argued that requiring full exhaustion would deprive him of time in an RRC. *Id.* (citing *Gaines v. Samuels*, No. 13-3019-RDR, 2013 WL 591383, at

3

> *2 (D. Kan. Feb. 14, 2013) (finding no extraordinary circumstance to warrant waiver of exhaustion requirement); *see also McIntosh v. English*, No. 17-3011-JWL, 2017 WL 2118352 (D. Kan. May 16, 2017)). The Court noted in *Gaines* that "[t]he Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies." *Id.* (citing *Gaines*, 2013 WL 591383, at *2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973))); *see also Koger v. Maye*, No. 13–3007–RDR, 2013 WL 591040, at *2–3 (D. Kan. Feb. 14, 2013) (rejecting a similar argument and finding that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence ... [t]he twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum.").

*Garner*, 2021 WL 3856618, at *3; *see also Samples v. Wiley,* 349 F. App'x 267, 269 (10th Cir. 2009) (unpublished) (finding futility argument not supported by contention that administrative process is too slow and it was unlikely the BOP procedure would be completed by the date on which petitioner would have needed to be transferred to an RRC in order to receive a twelve-month RRC placement).

Petitioner has not shown that exhaustion would be futile or that the Court should waive the exhaustion requirement. Petitioner sets forth in his Traverse his many efforts, beginning in June 2021, to resolve the issues in this case and the many miscommunications he received. Although the Court is sympathetic to Petitioner's frustration with the delay in finding him an RRC placement, Petitioner's FTC credits, when finally awarded, may be used towards his period of supervised release. Section 3632(d)(4)(C) provides that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C); *see also Gratton v. Dismas Charities, Inc.*, No. 3:20-00509, 2021 WL 4163992, at *5 (M.D. Tenn. Aug. 20, 2021) (finding no basis to waive exhaustion

4

requirement despite passage of release date and noting that FTC credits also apply to supervised release) (citing Section 3632(d)(4)(C)).

The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford*, 548 U.S. at 89 (quotations omitted). The Court is therefore dismissing the Petition without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated June 3, 2022, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**